

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 9:18-CR-42** |
| | § | |
| | § | |
| **ALEXANDER NATHAN BARTER** | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Alexander Nathan Barter, competent to proceed.

A.   Procedural Background and the Forensic Psychologist's Report

On October 31, 2018, pursuant to the motion of counsel, the undersigned issued an order directing the mental examination of the defendant to determine his competency to stand trial (doc. #10). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or

1

psychologist to determine whether, pursuant to 18 U.S.C. § 4241, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court received notification from the warden at the Federal Detention Center in Houston, Texas, that a psychological evaluation had been completed pursuant to the Court's order. Tennille Warren-Phillips, Psy. D., forensic psychologist, issued her report stating that Mr. Barter "did not appear to suffer from a mental disease or defect rendering him unable to understands the nature and consequences of the proceedings against him or to properly assist in his defense." It is, therefore, the evaluator's opinion that Mr. Barter is competent to proceed. The report also sets forth recommendations on the best approaches to interacting with Mr. Barter during the course of this proceeding.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government. On February 6, 2019, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected to the report or offered evidence disputing the examiner's conclusion that Mr. Barter is competent.

    B.    <u>Conclusion and Recommendation</u>

Accordingly, based upon the opinion issued by the forensic psychological examiner, the undersigned recommends that the District Court find the defendant, Alexander Nathan Barter, competent to proceed pursuant to 18 U.S.C. § 4241.

C.  Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 8th day of February, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE