IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 9:18CR42 |
| v. | § | Judge Clark |
| | § | |
| ALEXANDER NATHAN BARTER | § | |

**FACTUAL BASIS**

The defendant, **Alexander Nathan Barter**, stipulates and agrees that the following facts are true and correct:

1. The defendant, **Alexander Nathan Barter (Barter)**, who is changing his plea to guilty, admits that he is the individual charged in the First Superseding Indictment.

2. As charged in Count Two of the First Superseding Indictment, between on or about October 9, 2018, and on or about October 19, 2018, in the Eastern District of Texas, and elsewhere, **Barter** did knowingly attempt to persuade, induce, entice, or coerce any individual to travel in interstate or foreign commerce to engage in prostitution or any sexual activity for which any person could be charged with an offense.

3. Specifically, **Barter** admits that he placed an ad on a TOR (a/k/a The Onion Router) site stating "I'd like to try necrophilia and cannibalism, and see how it feels to take a life. If you'd be willing to let me kill you, are in the US (preferably in the south) and can travel by car, contact me." **Barter** provided methods by which he could be contacted, including via email and a social media communications application.

4. On October 9, 2018, a law enforcement officer in Florida, acting in an undercover capacity, located the ad and responded. The undercover officer represented himself to be a father with a 13-year old daughter who had similar interests. **Barter** responded positively, asked the child's age, and stated "I'd love to rape her, slit her throat, drink her blood then dismember and chop her up and eat her flesh and organs." When the undercover officer asked whether these were simply **Barter**'s fantasies, **Barter** responded "I'm not into roleplay either. I want to actually rape, kill, and eat your daughter. I'm very serious about doing this. I live in the woods so I can make sure her body won't ever be found."

5. Over the course of approximately 10 days, **Barter** provided the undercover with detailed instructions and plans. For example, **Barter** sent the undercover agent a map with directions on driving from Florida to Shelby County, Texas, within the Eastern District of Texas. **Barter** similarly provided information about the hotel where the undercover officer and his daughter should stay, what the undercover officer should tell his daughter in order to get her acquiescence to travel, how the undercover officer should wipe his electronic devices, and steps the undercover officer should take to destroy evidence after the murder to conceal the crimes.

6. **Barter** admits that his communications included his expressed interest to engage in sexual intercourse with the minor, who he believed to be 13-years old. **Barter** acknowledges that an adult who engages in vaginal sexual intercourse with a 13-year old minor violates Texas Penal Law Section 22.021.

2

7. As the undercover officer's persona drove from Florida to Texas, **Barter** provided a telephone number to continue texting communications. The parties then transitioned their communications from email to text message.

8. **Barter** acknowledges that travel between Florida and Texas constitutes interstate transportation.

9. On October 19, 2018, members of law enforcement were positioned at the location in Joaquin, Shelby County, Texas where **Barter** had instructed the undercover officer to bring the child. **Barter** arrived at the location with a garbage bag, knife, cellular phone, and tablet computer—each of which he had discussed bringing to the meet with the undercover in order to complete the commission of the offense.

10. As charged in Count Four of the First Superseding Indictment, on or about October 14, 2017, in the Eastern District of Texas, **Barter** did knowingly distribute, and did knowingly attempt to distribute, child pornography that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

11. Specifically, **Barter** knowingly communicated with other individuals about the distribution, receipt, and possession of child pornography. Then, while using a social media communications application, the Internet, and digital devices he owned and possessed, **Barter** described the following video files to another party. **Barter** offered to provide the second party with the child pornography files. The second party accepted **Barter**'s offer and asked to see the child pornography files. Further, the second party

3

sent **Barter** files of child pornography in exchange. Included among the files **Barter** distributed were the following:

| FILE NAME | FILE IDENTIFIER | DESCRIPTION |
|---|---|---|
| D-1.MP4 | 9dbaa4dd-d49b-41da-86ce-9eed2296da53 | This video depicts an adult female rubbing ice on the genitals and nipples of a prepubescent female, while the child cries. |
| D-2.MP4 | 7d965f83-d052-4e60-87ce-4a8236b02aef | This video depicts the adult female tying the prepubescent female's feet to a rod, hanging the child vertically by the feet, applying clothes-pins to the prepubescent female's nipples and vagina, and repeatedly slapping the child's vagina while she cries. |
| D-3.MP4 | 3e5ddc6d-7704-44f5-a7f5-f48fbb43b2b5 | This video depicts the adult female continuing to slap and apply ice to the prepubescent female's genitals, tying the child's hands to the same rod that is binding her feet, then suspending the prepubescent female by the feet while dripping hot candle wax over the child's body and genitals. |

12.     **Barter** knew that the images and videos he distributed and possessed depicted children engaged in sexually explicit conduct and did constitute child pornography. **Barter** also knew that he possessed more than 600 images and videos of child pornography, including files depicting prepubescent minors. The images and videos **Barter** distributed and possessed contained depictions of sadistic or masochistic abuse and the sexual abuse or exploitation of an infant or toddler.

13. **Barter** acknowledges that the Internet is a means and facility of interstate and foreign commerce. **Barter** further acknowledges that his offenses involved the use of TOR-based sites, email accounts, and social media communications applications—all of which require the use of the Internet.

14. **Barter** admits that he committed the offenses described in the First Superseding Indictment at location his home in Joaquin, Shelby County, Texas, within the Eastern District of Texas.

### SIGNATURE AND ACKNOWLEDGMENT BY DEFENDANT ALEXANDER NATHAN BARTER

I have read this Factual Basis and have discussed it with my attorney. I fully understand the contents of this Factual Basis and agree without reservation that it accurately describes my acts.

Dated: 12-16-19

*Alexander Barter*
ALEXANDER NATHAN BARTER
Defendant

### SIGNATURE AND ACKNOWLEDGMENT BY ATTORNEY FOR DEFENDANT

I have read this Factual Basis and the First Superseding Indictment and have reviewed them with my client. Based upon my discussions with my client, I am satisfied that my client fully understands the Factual Basis.

Dated: 12-16-2019

*John D McElroy*
JOHN MCELROY
Attorney for the defendant